UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH GRAY, individually and on behalf of all other persons similarly situated who were employed by GOOD SHEPHERD FAIRVIEW HOME, INC. and/or any other entities affiliated with or controlled by GOOD SHEPHERD FAIRVIEW HOME, INC.,<br><br>                                                              Plaintiffs,<br>          -against-<br><br>GOOD SHEPHERD FAIRVIEW HOME, INC., and any related entities,<br><br>                                                              Defendants. | COMPLAINT<br><br>FLSA COLLECTIVE ACTION<br><br>And<br><br>CLASS ACTION<br><br>Docket No.: 3:21-CV-1096 (DNH/ML)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Elizabeth Gray ("Named Plaintiff"), by her attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 137-1.2 and 137-1.3 to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Good Shepherd Fairview Home, Inc. and/or any other entities affiliated with or controlled by Good Shepherd Fairview Home, Inc. (hereinafter "Defendant") in trades and occupations entitled to receive overtime compensation.

1

2. Beginning in July 2015 and continuing through July 27, 2020, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. Beginning in 2015 and continuing through July 27, 2020, Defendant has engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendant also failed to provide appropriate wage notices to Named Plaintiff and those similarly situated as required under NYLL.

5. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff Elizabeth Gray is an individual who is currently a resident of Broome County, New York, and was employed by Defendant as a Nursing Assistant from approximately July 2015 until June 2021.

11. Upon information and belief, Defendant is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 80 Fairview Ave, Binghamton, New York, 13904.

12. At all times relevant to this action, Defendant was Named Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq.*.

## CLASS ALLEGATIONS

13. Plaintiff realleges and incorporates by reference all the allegations set forth above.

14. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

15. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendant as Nursing Assistants, Personal Care Assistants, Licensed Practical Nurses and Registered Nurses paid hourly wages who had meal breaks automatically deducted from their wages.

16. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to pay Named Plaintiff and those similarly situated, neither their regular hour wage nor the minimum wage for all hours worked and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

18. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendant failed to provide Named Plaintiff with proper wage notices and wage statements during the time of their employment.

19. The claims of the Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendant's policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

20. Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

**FACTS**

22. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

23. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

24. This action is brought on behalf of Named Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendant as hourly paid Nursing Assistants, Patient Care Assistants, Licensed Practical Nurses, Registered Nurses and other employees performing similar direct nursing and personal care support in furtherance of Defendant's operations as a medical facility.

25. While working for Defendant, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendant without receiving pay for all hours worked and overtime compensation, as required by applicable federal and state law.

26. For example, beginning in approximately 2015 for Named Plaintiff and continuing through 2021, she would typically be scheduled to work at least an eight-hour shift.

27. For the eight-hour shift, one-half hour would be automatically deducted from her pay for a meal break.

28. However, Named Plaintiff would usually be too busy working to take a full or even partial meal break. Despite this, Defendant would still automatically deduct the one-half hour of pay from Named Plaintiff's paychecks.

29. In certain weeks, upon information and belief, the deducted one-half hour of pay would cause Named Plaintiff, and those similarly situated, from receiving overtime compensation.

30. As a result, Named Plaintiff and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

31. Defendant acknowledged its automatic deduction of meal breaks was problematic in July 2020 through a newsletter to all employees, changed its policy at that time and began requiring employees to clock out for meal breaks.

32. Defendant consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

## FIRST CAUSE OF ACTION

## UNPAID WAGES AND OVERTIME UNDER FLSA

33. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

34. The Named Plaintiff and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

35. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

36. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

37. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had

adjustments made to their time clock records resulting in a paycheck for less time than what the Plaintiffs actually worked.

38. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

39. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

40. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

41. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

42. Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

43. Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the

appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, et seq, 650, et seq, and, 19 NYCRR §§ 137 and 142, et seq.

44. New York Labor Law § 193 precludes deductions from an employee's pay without prior authorization from the employee. Defendant's automatic deductions of one-half hour meal breaks violates New York Labor Law § 193.

45. Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

46. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

47. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ANNUAL WAGE NOTICES UNDER NYLL

48. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

49. Defendants have willfully failed to supply Named Plaintiff and putative class members with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance

with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

50. Plaintiffs did not receive all required wage notices during their employment with Defendants.

51. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

52. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $5000, together with costs and reasonable attorney's fees.

53. By the foregoing reasons, Defendants have violated NYLL § 195(1) and are liable to the Plaintiffs under NYLL § 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

54. Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1)   On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3) On the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) such other and further relief as this Court may deem just and proper.

Dated: October 5, 2021

> By: */s/ Frank S. Gattuso*
> Frank S. Gattuso
> GATTUSO & CIOTOLI, PLLC
> The White House
> 7030 E. Genesee Street
> Fayetteville, New York 13066
> 315-314-8000
> 315-446-7521 (fax)
> fgattuso@gclawoffice.com
>
> *Attorneys for the Plaintiff and putative class*