UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIZABETH GRAY, individually
and on behalf of all others similarly
situated who were employed by Good
Shepherd Fairview Home, Inc. and/or
any other entities affiliated with or
controlled by Good Shepherd Fairview
Home, Inc.,

              Plaintiff,

      -v-                      3:21-CV-1096

GOOD SHEPHERD FAIRVIEW
HOME, INC., and any related entities,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On October 6, 2021, named plaintiff Elizabeth Gray ("Gray" or the "named plaintiff") filed this putative class action against defendant Good Shepherd Fairview Home, Inc. ("defendant") alleging that it violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by, *inter alia*, maintaining a policy and practice of automatically deducting meal breaks from employees' pay regardless of whether an individual employee actually

took a meal break. Dkt. No. 1. The assigned mediator reported to the Court that the parties had reached a settlement on May 5, 2022. Dkt. No. 15.

On September 30, 2022, Gray moved under Federal Rule of Civil Procedure ("Rule") 23(e) for preliminary approval of the proposed class action settlement and for an order directing notice of the settlement to the proposed class members. Dkt. No. 23.

On October 24, 2022, Gray's motion for preliminary approval of the class action settlement was granted. Dkt. No. 24. The Court certified the following Settlement Class pursuant to the parties' Settlement Agreement and FED. R. CIV. P. 32:

> all current and former non-exempt hourly employees who worked for Defendant as Nurse Assistants, Personal Care Assistants and Licensed Practical Nurses, whether full-time or part-time during the Class Period, between October 6, 2015, and the date the Court grants preliminary approval.

Dkt. No. 24. The Court appointed named plaintiff as Class Representative, appointed the law firm of Gattuso & Ciotoli, PLLC as Class Counsel, authorized the parties to select a settlement administrator, directed distribution of the Notice of Settlement, and otherwise ordered the parties to carry out the terms of the Settlement Agreement. *Id.*

Thereafter, the parties selected a third-party settlement administrator and the Notice of Settlement was distributed to the Settlement Class. Gray

has since moved under Rule 23(e) for final approval of the class action settlement. Dkt. No. 25. The motion is unopposed.

Upon consideration of Gray's memoranda of law and supporting exhibits, review of other materials submitted by the parties including the Settlement Agreement, and with no objections being noted on the record after calling the case in open court as part of the Final Approval Hearing conducted on this date in Utica, New York, it is

ORDERED that

1. The Court FINDS that the settlement is procedurally fair and has been reached through arms-length negotiation between experienced counsel and having engaged in adequate discovery;

2. The Court FINDS that the settlement satisfies the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell*"). The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery;

and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

3. This Court has jurisdiction over the subject matter of this action, and over all parties to the action, including all Class Members;

4. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement;

5. The settlement set forth in the Agreement is approved and the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the named plaintiff and the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

6. All terms and provisions of the Agreement shall be implemented;

7. Class Members who have not properly and timely exercised their opt-out rights are conclusively deemed to have released or discharged defendant and its present and former owners, officers, directors and employees from, and are permanently enjoined and barred from asserting, either directly or indirectly, against defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished;

8. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute;

9. The Notice distributed to Class Members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution;

10. The Settlement Fund is to be distributed to the Class Members, pursuant to the Agreement, all in accordance with the terms of the Agreement, to those individuals who have elected to participate in the settlement, including the service award to the named plaintiff in the amount of $5,000, professional costs and fees in the amount of $50,000, and claims administration fees in the amount of $7,969.16;

11. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement;

12. The Clerk of the Court is directed to close case 3:21-cv-1096 on March 21, 2023, and dismiss the case with prejudice.

IT IS SO ORDERED.

Dated: March 21, 2023
Utica, New York.

_____
United States District Judge